Samuels, J.
This case presents several questions under the statute regulating the execution of nuncupative wills. The facility with which fraud might be practiced by setting up pretended wills of this kind, was discovered long since. To prevent such fraud the statute 29 Charles 2, chap. 3, § 19, was enacted. It is thereby provided, amongst other things, that the will must be made at the “ house of [testator’s] habitation or dwellingor where he had been resident for the space of ten days or more next before making such will. This statute, with some variation, has been reenacted in Virginia. 5 Hen. Stat. p. 456, § 9, 10, 11, 12; 12 Hen. Stat. p. 141, ch. 61, § 5. The'statute on this subject, existing at the time the will propounded was made, is found, 1 Rev. Code, ch. 104, § 7, p. 377. It is thereby required that the will be made at the habitation of testator, or where he hath resided for ten days next preceding, &c. The question is made, whether the will was executed at' the' habitation of Bryan W. Nowlin, within the intent and meaning of the statute. In my opinion, the term habitation is to be understood as dwelling-house or home; that its meaning is the same as that of the stat. 29 Ch. 2, which used the terms “ house of his or her habitation or dwelling.” Thus, I am of opinion that the will propounded was not executed at a place at which Bryan W. Nowlin, under the circumstances of the case, could make such will. This construction is according to the letter of the statute, and is within its reason; which is to place a testator, when making *66 such will, under the protection of his family and near relations, and thereby secure him against the frauds of strangers.
If I am right in this construction of the statute, it is unnecessary to decide other questions presented by the record.
I am of opinion to reverse the sentence of the Circuit court with costs to the appellants; and rendering such sentence as the Circuit court should have rendered, to reverse the sentence of the County court, with the costs of both courts to the appellants, and to refuse to admit the will propounded to probat.
The other judges concurred in the opinion of Samuels, J.
Judgment reversed.